```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY CAMMARATA,

                Plaintiff,              MEMORANDUM & ORDER
                                        08-CV-2509(JS)(ETB)
    - against -

INCORPORATED VILLAGE OF FLORAL PARK,

                Defendant.

----------------------------------X
APPEARANCES:
For Plaintiff:     Sanford Kutner, Esq.
                   The Law Firm of Sanford A. Kutner
                   6 Tara Place
                   Metaie, LA 70002

For Defendant:     John E. Ryan, Esq.
                   Ryan Brennan & Donnelly LLP
                   131 Tulip Avenue
                   Floral Park, NY 11001
```

SEYBERT, District Judge:

On June 18, 2008, Plaintiff Anthony Cammarata ("Plaintiff") commenced this action, pro se, seeking relief pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101(e), et. seq. ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("the Rehabilitation Act"), 42 U.S.C. § 1983 ("Section 1983"), the Fourteenth Amendment of the Constitution, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. (1994) ("Title VII"). In an Order dated September 3, 2008 ("September 2008 Order"), this Court DISMISSED with prejudice all claims against Carol Voegler ("Voegler"), and DISMISSED with leave to amend Plaintiff's

Title VII claim and Section 1983 claims. Thereafter, Plaintiff retained counsel.

On September 9, 2008, Plaintiff filed an Amended Complaint in compliance with the September 2008 Order, abandoning his claims based on Title VII, and reasserting claims based on the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"); 29 U.S.C. 794, Rehabilitation Act of 1973; 42 U.S.C. § 1983 et seq.; and the Fourteenth Amendment. Pending before the Court is Plaintiff's appeal of Magistrate Judge E. Thomas Boyle's January 19, 2010 Order ("January Order") and Defendant's application seeking a pre-motion conference. For the reasons that follow, the Court AFFIRMS the January Order and GRANTS Defendant's application for a pre-motion conference.

## BACKGROUND

On January 15, 2009, Judge Boyle held an initial pretrial conference with the parties and "so ordered" the discovery schedule proposed by them. On two occasions, Judge Boyle extended the discovery schedule because Plaintiff had not yet been made available for a deposition. On January 19, 2010, when approving the second extension, Judge Boyle stated: "Discovery is extended to 3/31/10. No further extensions will be granted unless consistent with the order dated 6/26/08 at 2, No. 4." ("June 2008 Scheduling Order")

The June 2008 Scheduling Order, at page two, number four states: "Any further modification shall only be granted upon a showing of manifest injustice. FED. R. CIV. P. 16(e)."

On March 24, 2010, Defendant filed a letter with the Court stating that Plaintiff continually remained unavailable for the taking of his deposition during the discovery period despite its repeated attempts at scheduling his deposition. Therein, Defendant also requested a pre-motion conference so that it could move forward with its summary judgment motion. Plaintiff submitted an opposition letter in his defense, appealing the January Order and stating only that he would be available for his deposition; miraculously, after two years of trying to schedule the deposition, Plaintiff would be available on the one day Defendant could not accommodate--March 31, 2010, the day discovery should close. In reply, Defendant maintained that it could not be available on March 31, stated that it had repeatedly tried to schedule Plaintiff's deposition within the discovery period, offered to provide the Court with documentation in support of its repeated accommodations to Plaintiff, and maintained that the January Order should be upheld.

On April 19, 2010, Defendant renewed its request for a pre-motion conference, this time attaching a copy of its 56.1 Statement. Defendant also noted that Plaintiff had thus far failed

to file and serve a 56.1 Counter-Statement of facts. To date, Defendant has still failed to submit a 56.1 Counter-Statement. Therefore, the facts, as set forth in Defendant's 56.1 Statement are deemed to be true for purposes of Defendant's forthcoming summary judgment motion.

DISCUSSION

I. Standard of Review

The Court may set aside a Magistrate's order concerning non-dispositive matters only if the order is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." E.E.O.C. v. First Wireless, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)) (alteration in original). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." First Wireless, 225 F.R.D. at 405. Furthermore, discovery matters are generally considered non-dispositive. See id. "A magistrate judge's resolution of discovery disputes deserves substantial deference and is overruled only if there is an abuse of discretion." Id. (internal quotation marks and citation omitted).

II. The January 2010 Order Must be Affirmed

Here, it is apparent that the January 2010 Order is not dispositive. Plaintiff provides the Court with no reason to believe that the January Order's setting of a final deadline was "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). Nor does the Court have reason to believe that Judge Boyle committed a mistake. See First Wireless, Inc., 225 F.R.D. at 405. And Plaintiff has failed to show how the January Order is contrary to law by failing to apply or misapplying relevant statutes, case law or rules of procedure. See id.

In support of his appeal of the January Order, Plaintiff simply offers excuses for why it has failed to meet the discovery deadline. Judge Boyle repeatedly granted Plaintiff extensions of time to complete discovery. And discovery must come to a close at some point so that the case can move forward. That time has come.

CONCLUSION

For the foregoing reasons, the January Order is AFFIRMED and Defendant's application for a pre-motion conference is GRANTED. Furthermore, the facts set forth in Defendant's 56.1 Statement are deemed to be true for purposes of its summary judgment motion. At its earliest convenience, Defendant is directed to contact Charles Baran, Judge Seybert's Courtroom Deputy, to schedule the pre-motion

5

conference; Defendant must offer three dates convenient to both parties.

                 SO ORDERED.

                 /s/ JOANNA SEYBERT
                 Joanna Seybert, U.S.D.J.

Dated:  November 2, 2010
      Central Islip, New York